## The B. & M. R. R. R. Co. v. Penney.

**Contract:** CONSIDERATION: MODIFICATION. The consideration of a written contract for the payment of money was the construction of a railway to L. by July 1st, 1872. On the back of the instrument was the following written agreement: "I hereby agree to extend the time of completing the within road to Leon to Sept. 1st, 1872, and this note shall have the same value as if the said road is completed by July 1st, 1872." *Held:* That the effect of this written agreement was the creation of a new contract, differing from the first only in date of performance, and that it was sustained by a good and valid consideration.

*Appeal from Decatur District Court.*

MONDAY, APRIL 27.

THIS suit is commenced on the following instruments:

"$500.00.                    LEON, IOWA, August 2, 1871.

In consideration of the building of the Chariton Branch of the Burlington & Missouri Railroad, from Chariton, Lucas County, Iowa, to Leon, Decatur County, Iowa, and the establishment of a permanent depot within seven-eighths of a mile of the public square in said Leon, I promise to pay to the Burlington & Missouri Railroad Company, five hundred dollars when the cars first run to Leon, Provided, this note to be void unless said road shall be built to Leon by July 1st, 1872.

{ 25 cts., U. S. }                    J. W. PENNEY."
{     Stamp.    }

On the back of this instrument is the following:

"I hereby agree to extend the time of completing the within road to Leon to September 1st, 1872, and this note shall have the same value as if the said road is completed by July first, 1872.                    J. W. PENNEY."

The answer of the defendant contained three counts, the second of which averred that the railroad was not completed until sometime in August 1872, and that the agreement of defendant, extending the time of completion until September 1, 1872, was without consideration. A demurrer to this count was overruled, and on motion of defendant, judgment was rendered against plaintiff for costs. Plaintiff appeals.

*Warner & Bullock,* for appellant.

*J. W. Penney, pro se.*

MILLER, CH., J.—It is conceded by appellee that the original instrument, by which he promised to pay to the plaintiff the sum of five hundred dollars upon the latter performing the conditions stipulated, by the time fixed, expresses a good and valid consideration, and that if the plaintiff had performed those conditions by the time named, defendant would be liable to pay the sum stipulated.

Although the instrument contains no promise by the plaintiff to perform the conditions mentioned, yet upon the performance thereof the contract would be clothed with a valid consideration which would relate back, and the defendant's promise thereupon became binding. *Des Moines Valley Railway Company v. Graff,* 27 Iowa, 99, 103.

Time was of the essence of this contract, and, unless the conditions were performed by plaintiff within the time limited, the defendant would be released, or rather, would not be bound thereby. What effect then did the defendant's agreement on the back of the original instrument have? The defendant thereby agrees that the time for the completion of the road shall be extended to September first, 1872, and the agreement then made should have the same value as if the road should be completed by July 1st. 1872. The effect of this is the making of a new contract like the original one except as to the time of performance on part of the plaintiff. The time for the completion of the road to Leon by the original contract was July 1st, 1872, by the new contract the time fixed is September 1st, 1872. In all other respects the new contract is like the first one. The new contract likewise is supported by the same consideration as was the original agreement, and this count of the answer shows that the road was completed prior to the time fixed, namely: prior to September 1st, 1872. It thus appeared on the face of the pleading that the contract was supported by a good and valid consideration. The demurrer thereto should have been sustained. For the error in overruling it the judgment is                           REVERSED.