## Victoria Limestone Company v. Hinton.

(Decided January 7, 1914).

### (Appeal from Warren Circuit Court.

1.  Contracts—Rights to Terminate.—When the time of service under a contract is left discretionary with either party, or when it is not definite as to time, either party has the right to terminate it at any time, and no cause therefor need be alleged or proved.

2. Contracts—Want of Mutuality.—Want of mutuality is no defense in the case of an executed contract.

SIMS & RODES for appellant.

G. H. HERDMAN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant operated the Slim Island Quarries, on Barren River, a few miles below Bowling Green; and desiring to employ Hinton, the owner of a gasoline tow-boat and a barge to haul the stone quarried by the appellant company, it addressed him the following letter, which, by agreement, was taken as the contract between the parties, to-wit:

"Bowling Green, Ky., June 12, 1912.
"Mr. C. C. Hinton,
        "Bowling Green, Ky.
"Dear Sir:—

"Confirming our conversation with you this morning, will state that this Company is at present boating three (3) barges of stone per week, the barges running from eleven to fourteen hundred cubic feet each, on which we are paying a fee for boating of two (2) cents per cubic foot, inspection measure.

"If you will provide a gasoline or other tow-boat and barge which will handle this business, we can assure you that our towing will average not less than three (3) barges per week, and within the next few months, we expect to increase our quarry equipment which will enable us to run from four (4) to six (6) barges of stone per week.

If you decide to do our boating for us, we will, of course, have no objection to your boating stone for other parties whenever the opportunity presents itself, except we will expect a preference for our own stone, the other stone to be boated at such times that it would not seriously interfere with our business.

"Yours truly.
                "THE VICTORIA LIMESTONE COMPANY,
                "Robt. P. Starkweather, President."

Hinton began work with his boat and barge on June 28th, and hauled such stone as the appellant tendered him for transportation, it averaging, however, only about one and one-half barges per week, instead of a minimum

of three barges per week, as provided in the contract. Hinton's son ran the boat, and after he had worked a few weeks, he complained to appellant that he was operating the boat at a loss, because of appellant's failure to furnish the minimum amount of stone provided by the contract; whereupon appellant promised to increase its output, but failed to do so. There being no substantial increase in the business furnished appellee by appellant, the appellee, pursuant to a notice he had theretofore given appellant, terminated the contract on November 4, 1912, and brought this action for breach of contract, fixing his damages at $670.32, less a credit of $20.00, paid thereon.

The substance of the plaintiff's petition is, that under the contract the minimum amount of stone to be hauled in the period of about eighteen and a half weeks during which appellee worked, was 55 barges, carrying from 1,100 to 1,400 cubic feet of stone each, aggregating 60,500 cubic feet, and that instead of furnishing him with this minimum amount of freight, appellant furnished only 29 barges of stone, aggregating only 930 feet per barge, being 33,530 cubic feet less than the minimum.

At the close of the plaintiff's testimony, the defendant moved the court for a peremptory instruction, which was overruled; and the defendant standing upon its motion and declining to offer any testimony, the court sustained the plaintiff's motion for a peremptory instruction under which the jury returned a verdict for plaintiff for $650.32, the net amount claimed. The defendant appeals.

Appellant rests its case upon the contention that there is no obligation by the terms of the contract requiring it to furnish appellee with any stone whatever, and that the contract being indefinite in time, and without mutuality of obligation, is unenforceable.

Upon the question of the indefiniteness of the term of the contract, the rule is well settled that when the time of service under a contract is left discretionary with either party, or when it is not definite as to time, either party has the right to terminate it at any time, and no cause therefor need be alleged or proved. L. & N. R. R. Co. v. Offutt, 99 Ky., 435.

And, as to the question of a want of mutuality of obligation, it is equally apparent that a want of mutuality is no defense in the case of an executed contract. Des Moines Valley R. Co. v. Graff, 27 Iowa, 99, 1 Am. Rep., 256.

In the case at bar, therefore, either party had the right to terminate the contract at any time without any further liability; but so long as the parties worked under the contract, both are liable thereunder.

In this case the contract was in full operation from June 28 to November 4, 1912; and during that time appellant stood obligated to furnish appellee three barges of stone per week, and appellee was likewise obligated to tow the same at two cents per cubic foot. To that extent the contract was in operation; and appellant having failed to perform its part thereof, it is liable.

Appellant further contends, however, that by its contract it agreed only that its towing would average not less than three barges per week, and that the court erred in applying that provision to the period between June 28 and November 4, instead of to a longer period, of either six months or a year. In support of this contention it is argued that while appellant's business dropped below the contract average during the period extending from June 28 to November 4, it might, nevertheless, have exceeded the average for the remainder of the year, so as to make the general average of freight for the entire year equal to, or even greater, than the average provided in the contract. There might be some force in this argument if appellant had made that fact appear by its pleading and proof; but in the absence of both allegation and proof upon the subject, we do not think the point is entitled to serious consideration. On the contrary, appellee's proof, which is uncontradicted, shows that appellee complained to appellant that it was not supplying the amount of freight called for by the contract, and that appellant promised to increase its output so as to make the average of freight satisfy the contract, but that it wholly failed to do so.

We are of opinion the circuit court properly interpreted the contract.

Judgment affirmed.