## Columbus Mining Company v. Ross, et al.

(Decided February 4, 1927.)

### Appeal from Perry Circuit Court.

1.  Damages—Where Contract to Mine Coal was Breached, Value of Plaintiffs' Personal Services Should Have Been Deducted from Contract Price of Labor They Performed.—In action for breach of contract to mine coal for one year at $.47 per ton, value of plaintiffs' personal services in carrying out contract should have been deducted from contract price of labor they performed, and recovery measured by difference.

2.  Damages—Measure of Damages for Breach of Contract to Mine Coal was Difference Between Contract Price and Costs and Expenditures.—In action for loss of profits for defendant's breach of contract under which plaintiffs were to mine coal at named price per ton, measure of damages was difference between contract price and plaintiffs' costs and expenditures in carrying out contract in full.

JESSE MORGAN and F. J. EVERSOLE for appellant.

NAPIER & HELM for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

This is the second appeal of this case. The first opinion is reported in 204 Ky. 474.   Briefly stated, the cause of action alleged was, that appellees and plaintiffs below,

George Ross and J. B. Raynor, contracted with the appellant and defendant below, Columbus Mining Company, to clean out an abandoned entry to its coal mine located in Perry county, and to open up an air course and, perhaps, to do other repairs, and were to be paid a designated price per yard for driving the old entry and air course further into the coal, and they were also to have the right to mine and take out coal after cleaning out the entry and the old air course for a period of one year from the date of the contract and to receive for the coal so mined 47 cents per ton. They were likewise permitted to hire hands to assist them in doing the work. They alleged that they began the undertaking on August 16, 1916, and had the right to operate under it for a period of one year, or until August 16, 1917; that the contract was oral and was made with them by defendant's superintendent, one Stevens. They alleged that they worked themselves, they being practical miners, and hired other help and at the expiration of five months defendant wrongfully and in violation of the terms of the contract refused to permit them to carry it out, and they brought this action to recover the damages they sustained by defendant's breach, which they properly averred should be measured by the profits they would have earned had they been permitted to prosecute the work for the remaining seven months that the contract was to run.

On the first trial the court gave a peremptory instruction in favor of defendant upon the theory that the contract was verbal and was within the statute of frauds because it was not to be performed within one year from the time of its making, and also upon the ground that the local superintendent, Stevens, had no authority, actual or apparent, to bind his principal by entering into any such contract. Both points were decided in the first opinion adversely to defendant, and upon a second trial there was a verdict and judgment in favor of plaintiffs for the sum of $2,500.00, and this appeal is prosecuted by defendant to reverse that judgment after its motion for a new trial was overruled.

A number of errors are relied on in brief of counsel for appellants, but we conclude that none of them, except the one hereinafter discussed, possesses sufficient merit to require our consideration, and for that reason we will pass them without further notice. The former opinion properly held that this was not an action to re-

cover for the value of services under a contract to perform them, but was essentially an effort on the part of plaintiffs to recover the profits they would have realized had they been permitted to carry out the contract pursuant to its terms.

Only one of the plaintiffs (Ross) testified in the case, and in stating what he claimed were the profits which he and his coplaintiff were entitled to recover, he testified that each of them was an experienced and active miner, and that during the remaining seven months of the unexpired life of the contract they could have each mined 12½ tons of coal per day, or 25 for the two, and counting 20 days' actual work in each month, which was customary, they would have mined by their own services 500 tons per month, which at the contract price would have been $235.00, or $1,645.00 for the remaining seven months as gross profits, and that "shooting material" would have cost them three cents per ton and the remaining 44 cents was claimed as profits which the jury was authorized to and did return in its verdict. Like testimony permitted recovery for the personal services of plaintiffs in opening up the entry and the air course. In other words, the case as tried authorized the jury and it did return a verdict including as profits compensation to plaintiffs for their personal labor or services in carrying out the contract, which, we are thoroughly convinced, was error.

Mr. Sutherland in the fourth edition of his work on Damages, volume 3, page 2695, in stating the rule as to the measure of damages in a contract like this, says: "In an action upon the contract against the employer for preventing complete performance the contractor is entitled to recover the contract price for the work done and, in the absence of other damages, the difference between that price and what it would cost to perform the contract as to the residue. This rule contemplates a detailed inquiry into the actual necessary cost of completing the work covered by the agreement." In other words, the profits for measuring the damages for a breach of this kind of contract for the unperformed period consists in the difference between the contract price and the costs and *expenditures* of the performer in carrying it out if he had not been prevented from doing so by the breach of the other party. See also Kreamer v. Irwin, 46 Neb. 827; Hammond v. Beeson, 112 Mo. 190; Royalton v. Royalton, etc., 14 Vt. 311, and Philadelphia W. & B. R. Co. v. Howard, 13 How. (U. S.) 307. The case is not to be con-

fused with one seeking a recovery for the deprivation of a contract for personal services pure and simple, and all the cases and authorities are unanimously agreed that the necessary labor in carrying out a contract of the nature here involved is a part of the expenditures in its performance and must be taken into consideration in arriving at the net profits (which is the true measure of recovery) as distinguished from the gross earnings realized by full performance.

In the case of People v. Savings Union, 72 Cal. 199, the court, in defining the term "profits" that a plaintiff would be entitled to recover for breach of this character of contract, said: "In commerce, it means the advance in the price of the goods sold beyond the cost of purchase. In distinction from the wages of labor, it is well understood to imply the net return to the capital or stock employed, after deducting all the expenses, including not only the wages of those employed by the capitalist, but the wages of the capitalist himself for superintending the employment of his capital stock." Which, it will be observed, excluded from consideration not only wages paid to others in performing the contract, but likewise those that may have been earned by the contractor himself. The same distinction was pointed out and approved by this court in the case of Harness v. Kentucky Fluorspar Co., 149 Ky. 65. In that case we disallowed a recovery for the value of the services of the plaintiff as an element of profits, and in doing so we said: "There is no element whatever in the contract indicating that the employment was personal in its character, or that the appellants could not have had the labor performed by others. On the contrary, if any presumption is to arise from the character of the contract it is that the appellants were to do the mining by the employment of others besides themselves." It was so proven in this case.

In the more recent case of Langstoff-Orm Manufacturing Co. v. Wilford, 160 Ky. 733, the breach of a contract in all respects similar to the one here involved, and in directing the measure of damage to plaintiff for its unperformed portion, because of defendant's breach, we said: "On the remainder of the timber you will award him (plaintiff) the difference between the contract price and what it would have reasonably cost plaintiff to carry out the contract." In the still later case of Stevens and Elkins v. Lewis, &c., 168 Ky. 648, the same rule for meas-

uring recoverable profits in this character of unper-formed contract was approved.

It is admitted by plaintiffs as well as their counsel that to arrive at the recoverable profits for such portions of the contract as would be performed by their employes, the wages of the latter should 'be deducted; and we can discover no reason why the same should not be done to the individual labor of the plaintiffs. Such labor is necessarily a part of the producing expenses, but if plaintiffs are correct and they were entitled to recover the value of their services as wages as a part of the profits they would have earned in finishing the contract, then every plaintiff who performed personal services in carrying out such a contract could recover for his reasonable future wages upon the ground that they were profits he would have earned, although they may have exceeded the contract price; for, if plaintiffs' wages are included in the term "profits" as an element of recovery in such a case, then they are nevertheless recoverable regardless of what plaintiff would or would not have realized from the performance of the contract above or below the value of his wages.

We, therefore, conclude that the value of plaintiffs personal services in fulfilling and carrying out the contract upon which they relied, should have been deducted from the contract price of the portion of the labor they performed, and their recovery measured by the difference, if any; and for the error in failing to do that by both the court and the jury the judgment is reversed, with directions to grant the new trial, and for proceedings consistent with this opinion.