Leonard COCKRELL, Appellant,

v.

PREMIUM COAL COMPANY,
Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

F. Byrd Hogg, Whitesburg, for appellant.

James S. Greene, Jr., Glenn L. Greene, Jr., Harlan, Emmett G. Fields, J. L. Hays, Whitesburg, for appellee.

WADDILL, Commissioner.

This action seeks $5,000 as damages on the theory that appellee, Premium Coal Company, breached its contract with appellant, Cockrell, by allowing persons other than appellant to haul coal produced from appellee's mine. The contract sued upon reads:

"September 17, 1955. To Whom It May Concern. I, W. B. Gibson, have hereby received from Leonard Cockrell the operation of Bee Tree Mine No. 2. I hereby agree to allow Leonard Cockrell the coal hauling from this operation and lessee Leonard Cockrell agrees to keep the coal hauled as long as the trucks can get over the roads. The price agreed to at 40¢ per ton. Signed, W. E. Gibson and L. E. Cockrell."

Appellant hauled coal from appellee's mine from September, 1955, until December, 1956, when a controversy arose between appellant and appellee's mining superintendent, W. E. Gibson, concerning the manner in which appellant was performing his work. Appellant advised Gibson that the rough condition of the roads was damaging his trucks and he would quit hauling coal unless he received more money. The job of hauling appellee's coal was awarded to another person soon after their disagreement.

The trial judge held that the contract was so indefinite as to time for performance and as to the quantity of coal to be hauled that it was terminable at the will of either party without incurring liability to the other party. The appeal is from a judgment dismissing the complaint.

Upon the question of the indefiniteness of the term of the contract the rule is stated in Victoria Limestone Co. v. Hinton, 156 Ky. 674, 161 S.W. 1109, thusly:

"* * * when the time of service under a contract is left discretionary with either party, or when it is not definite as to time, either party has the right to terminate it at any time, and no cause therefor need be alleged or proved. * * *."

Other cases supporting this rule are Springton Coal Co. v. Bowling, 228 Ky. 317, 14 S.W.2d 1082, and Baber v. Lay, Ky., 305 S.W.2d 912.

Appellant contends that the contract in the instant case involves total output and therefore it establishes the quantity of coal to be mined and hauled. Assuming that the contention is sound, nevertheless the contract is terminable since it does not fix a definite period of employment. The contract constitutes nothing more than what is known as a hiring at will, which may be ended at any time by either party. Duff v. P. T. Allen Lumber Co., 310 Ky. 439, 220 S.W.2d 981; Victoria Limestone Co. v. Hinton, 156 Ky. 674, 161 S.W. 1109. There is nothing in the contract of employment which can be construed to mean that appellant was required to serve appellee for any specific time; hence, the continuance of the term of service was left discretionary with both parties and was therefore terminable at the will of either party without incurring liability for damages.

We have concluded that the trial court properly interpreted the contract.

Judgment affirmed.