DANAHY, Judge.
The appellant (Hart & Sons) was named as a defendant in condemnation proceedings initiated by the appellee (DOT) in connection with the widening of Avenue T in Winter Haven. The subject parcel, located at the corner of First Street and Avenue T, is owned in fee simple by Edward Snead. The parcel is leased by Hart & Sons from Snead. Hart & Sons claimed business damages under section 73.071(3)(b), Florida Statutes (1985). Hart & Sons’ entitlement to business damages was based on its contention that the business which it owned and operated on the subject parcel was a business which had been in continuous operation on that parcel for a period of five years, as required by the statute.
At trial, Hart & Sons presented as its first witness Mr. Robert H. W. Hart, its president. After direct examination of Mr. Hart, and despite the demonstration by Hart & Sons that it could present further testimony by Mr. Hart and by other witnesses concerning its statutory entitlement *303 to business damages, the trial court granted a directed verdict in favor of DOT. We reverse.
The essential inquiry under the business damages statute is that of continuous operation of the business at the location where business damages are alleged to have been suffered. Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Service, Inc., 444 So.2d 926 (Fla.1983). It is apparent from the record that somehow the focus of attention during Mr. Hart’s testimony became diffused and the essential inquiry was not properly explored. The business operated by Hart & Sons had previously been operated by its lessor, Mr. Snead. Hart & Sons asserts that in 1985 it took over that business and continued to operate it thereafter under a lease agreement with Mr. Snead. The trial court seemed to feel that Hart & Sons failed to establish that the business it was operating at the time the condemnation proceedings began was the same business which Mr. Snead had operated for a number of years until 1985. The trial court’s concern was with the specific structure of the transaction between Hart & Sons and Mr. Snead in 1985. Under the statute as interpreted by the supreme court, those details do not govern the essential inquiry, which is whether Hart & Sons took over Mr. Snead’s business and continued to operate it, as Hart & Sons claims, without any interruption in the continuous operation of that business.
Under the circumstances, we conclude that the trial court prematurely terminated Hart & Sons’ opportunity to prove its claim to business damages. A directed verdict in favor of DOT should not have been entered before Hart & Sons had completed its case on the threshold issue of its entitlement to business damages. Fla.R.Civ.P. 1.420(b).
Accordingly, we reverse and remand for further proceedings.
RYDER, A.C.J., and ALTENBERND, J., concur.