645 So.2d 1093 (1994)
STATE of Florida DEPARTMENT OF TRANSPORTATION, Appellant,
v.
James J. MANOLI, et al., Appellees.
No. 93-0777.
District Court of Appeal of Florida, Fourth District.
November 30, 1994.
Thornton J. Williams, Gen. Counsel, and Gregory G. Costas, Asst. Gen. Counsel, Tallahassee, for appellant.
Paul A. Lehrman, Lehrman and Denker, Tallahassee, for appellee Louis A. Thomas, Jr.
KLEIN, Judge.
We reverse a business damage award in an eminent domain case because the trial court allowed the property owner's expert to give an opinion of business damages based on lost profits which erroneously included both the profits of the business and what the owner, who worked full-time in the business, was paying himself.
Louis Thomas had a contract with Hess to operate a Hess service station near the intersection of Dixie Highway and Commercial Boulevard in Broward County. A portion of the property was taken by the DOT when Dixie Highway was widened, and the DOT agreed that the taking destroyed the utility of the service station. The property was owned by Hess. The only issue in this case was the amount of business damage suffered by Thomas.
Thomas, who was 66 years old, had operated this service station for over 20 years. He worked there approximately 40 hours a week, collecting payment from customers and ordering gasoline and other supplies. Thomas had another employee who performed other work.
Thomas' business was incorporated; however, it was Thomas who personally had the lease with Hess. Initially the corporation was named as a party, but prior to trial Thomas was substituted in place of the corporation because he was the party to the lease. Craig Fetherman, a CPA who was Thomas' expert, was deposed while the corporation was still the party, and at that time he gave an opinion as to business damage based on lost profits of $167,000. His opinion was based on the corporate tax returns.
When Thomas was substituted for the corporation, shortly prior to trial, Fetherman changed his opinion of business damages. He still calculated the lost profits by deducting from the gross income the cost of goods sold, wages, rent, and other expenses necessary to operate the business, but was allowed *1094 to testify, over the objection of the DOT, that no portion of what Thomas paid himself should be deducted. His new opinion as to the total business damages was $274,000. The jury verdict was $225,000.
As our supreme court has pointed out, business damages are allowed only as a matter of legislative grace under section 73.071(3)(b), Florida Statutes (1991), and are not required to be paid by either the Florida or United States Constitutions. Texaco, Inc. v. Dept. of Transp., 537 So.2d 92 (Fla. 1989), and cases cited therein. Therefore the statute, as a legislative grant of a property right, must be strictly construed in favor of the state. Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926 (Fla. 1983).
Business damages are "in the nature of lost profits attributable to the reduced profit-making capacity of the business caused by a taking of a portion of the realty or the improvements thereon." LeSuer v. State Road Dept. of Fla., 231 So.2d 265, 268 (Fla. 1st DCA 1970); quoted with approval in City of Tallahassee v. Boyd, 616 So.2d 1000 (Fla. 1st DCA 1993), rev. granted sub nom, Weaver Oil Co. v. City of Tallahassee, 632 So.2d 1029 (Fla. 1994). See also, Mulkey v. Div. of Admin., State of Fla., Dept. of Transp., 448 So.2d 1062 (Fla. 2d DCA 1984).
Thomas cites no authority which would support the computation of business damages based on lost profits without deducting his wages. He relies on Matthews v. Division of Administration, State of Florida, Department of Transportation, 324 So.2d 664 (Fla. 4th DCA 1975); however there the expert was not using lost profits, but rather goodwill and other factors to come up with an opinion as to the business damages. This court observed in Matthews that the legislature did not define "business damages" in the statute, and concluded that lost profits would not be the only way to prove business damages. Here Thomas' expert did use lost profits as his method of calculating business damages.
Lost profits are established by proving income and expenses. Polyglycoat Corp. v. Hirsch Dist., Inc., 442 So.2d 958 (Fla. 4th DCA 1983); Born v. Goldstein, 450 So.2d 262 (Fla. 5th DCA 1984).
Black's Law Dictionary explains profits as follows:
In commerce, it means the advance in the price of goods sold beyond the cost of purchase. In distinction from the wages of labor, it is well understood to imply the net return to the capital of stock employed, after deducting all the expenses, including not only the wages of those employed by the capitalist, but the wages of the capitalist himself for superintending the employment of his capital or stock. Columbus Mining Co. v. Ross, 218 Ky. 98, 290 S.W. 1052, 1053, 50 A.L.R. 1394.
See also, Southern Bell Telephone and Telegraph Co. v. Kaminester, 400 So.2d 804 (Fla. 3d DCA 1981) (a corporation, in order to demonstrate lost profits, must deduct the expense of salaries paid to its officers).
We conclude that since Thomas was performing services in his business, wages for the services he was performing should have been deducted before calculating Thomas' lost profits. His expert's opinion was thus based on a misconception of the law, and was therefore not admissible. Mulkey, 448 So.2d at 1067.
We recognize that in businesses like this one, the working owner's salary is not necessarily commensurate with the value of the owner's services. Here Thomas could have paid himself low wages, increasing his paper profits, or vice versa. Accordingly, on retrial, the reasonable value of Thomas' services, i.e., what he would have had to pay in the marketplace to get someone else to perform those services, will be admissible[1].
Our holding in this case should not be construed as limiting the method of proving business damages to the method used here, lost profits. We simply hold that where business damages are calculated on the basis of *1095 lost profits, the reasonable value of the self-employed owner's services must be deducted just as any other wages are deducted.
Reversed.
HERSEY and GUNTHER, JJ., concur.
NOTES
[1] There was evidence that Thomas could have employed a person at a low hourly wage to perform Thomas' responsibilities. We cannot affirm this verdict on the basis that the jury might have deducted it, however, because of the erroneous admission of the expert's opinion that Thomas should recover that as part of his lost profits.