PER CURIAM.
Pursuant to an eminent domain proceeding, the Department of Transportation took approximately 25 feet from the front of the parcel of land leased by appellees for their concrete ornamental statuary business. At issue in this appeal is the admissibility of testimony by appellees’ expert witness on business damages using a method of calculating lost future profits without deducting fixed expenses. The Department presents an identical challenge to the admissibility of such testimony from the same expert witness in State, Department of Transportation v. Murray, 670 So.2d 977 (Fla. 1st DCA 1996). Accordingly, we adopt our opinion on the second issue in Murray as dispositive of this appeal. See also State Dep’t of Transp. v. Manoli, 645 So.2d 1093 (Fla. 4th DCA 1994). In so doing, we certify the following question of great public importance that we certified in Murray:
IN AN EMINENT DOMAIN CASE IN WHICH AN ESTABLISHED BUSINESS IS NOT TOTALLY DESTROYED BY A TAKING, DOES SECTION 73.071(3)(b), FLORIDA STATUTES, CONTEMPLATE CALCULATION OF BUSINESS DAMAGES BY ANY MEANS OTHER THAN A LOST PROFIT ANALYSIS? IN THE INSTANT CASE IS THE EXPERT’S BUSINESS DAMAGE CALCULATION A LOST PROFIT ANALYSIS REQUIRING THE DEDUCTION OF FIXED EXPENSES, SUCH AS SALARIES, INTEREST, DEPRECIATION, AND UTILITIES, OR AN ALTERNATIVE ANALYSIS, COGNIZABLE UNDER SECTION 73.071(3)(b), BASED ON DEDUCTION OF CERTAIN VARIABLE EXPENSES AND THE EXCLUSION OF FIXED EXPENSES FROM THE ANALYSIS?
The cause is reversed for new trial.
ERVIN, and MINER, JJ., concur.
BENTON, J., dissents with opinion.