BLUE, Judge.
David Morr d/b/a Highway 17 Salvage and Repairs, as tenant, and the Estate of Raymond W. Kreider, as landowner, appeal the final summary judgment in an eminent domain action which terminated Morr’s claim for business damages. The trial court apparently found that Morr’s business constituted a nonconforming use on the land taken, was “illegal,” and thus Morr’s claim for business damages was not actionable. Because the record fails to foreclose a claim for business damages as a matter of law, we reverse.
Morr operated a salvage yard on land owned by Kreider. A portion of this land was a former railroad right-of-way. A-though Morr possessed an occupational license from DeSoto County for his salvage business, it was not a permitted use on the subject property under the county’s land use regulations. In this eminent domain action, the Department of Transportation (DOT) obtained an order of taking of the Kreider railroad right-of-way on March 29,1993.
In July 1993, DeSoto County filed suit to enforce its land use regulations against Kreider’s estate. In November of the same year, Morr and the DOT were added as parties. In June 1994, Morr and DeSoto County entered into a stipulated settlement which incorporated a final order approved by the trial court.[1] The stipulated order required Morr to remove all the salvage automobiles from the railroad right-of-way within 360 days. It also provided that Morr could continue his salvage and repair business on land adjacent to the railroad right-of-way if he complied with certain conditions.
In this case, the trial judge found that Morr’s stipulation in the enforcement action was conclusive on the question of business damages. He ruled that Morr’s stipulation established as a matter of law that the salvage yard had been operating illegally. Having determined that the salvage yard was illegal because it was operated in violation of the land use regulations, the trial judge entered the final summary judgment which precluded Morr’s claim for business damages.
The DOT had acquired title to the property, pursuant to the order of taking, more than a year before the stipulation in the enforcement case. Because the taking was prior to the stipulation, Morr’s agreement to remove the cars from the property did not constitute an admission that his business had no possibility of continuance on the date of taking. The stipulation did not constitute a determination that DeSoto County would prevent the continuation of the salvage business on the right-of-way. At the time DeSo-to County filed its action, and certainly at the time of the stipulation, Morr possessed no interest in the property being condemned that would allow him to contest the zoning or request permission to continue to operate on the railroad right-of-way.
Florida has long recognized that the question of rezoning or future variance may be properly presented to a jury in an eminent domain case. Board of Comm’rs of State Inst. v. Tallahassee Bank & Trust Co., 108 So.2d 74 (Fla. 1st DCA 1958). This evidence bears upon the highest and best use, a major component in determining land value. The theory underlying this rule is that the zoning at the time of taking may not represent the highest and best use of the property, but if there is competent evidence *890 that rezonmg might be accomplished within a reasonable time, such a rezoning is a factor that should be available, to the jury in its determination of value.
The Florida Supreme Court recently extended this rule and approved the use of evidence of future variance or rezoning in a case involving severance damages. See Broward County v. Patel, 641 So.2d 40 (Fla.1994). We have found no cases directly holding that evidence of zoning change is permissible on the question of business damages. However, we see no logical reason why a business owner should not likewise be entitled to demonstrate to the finder of fact that there exists a reasonable probability that through either rezonmg or variance, a business nonconforming at the time of taking would be allowed to continue.
Perhaps the trial judge knew there was no possibility that DeSoto County would permit the continuation of the salvage yard on the subject property. However, the record does not establish as a matter of law that zoning would prevent the continuation of Morr’s business on the condemned land. Indeed, the stipulation relied on by the trial judge when granting summary judgment provided for the continuation of Morr’s business on adjacent land, which suffered the same zoning infirmity as the condemned railroad right-of-way.
Summary judgment may not be granted unless the record establishes entitlement as a matter of law. Holl v. Talcott, 191 So.2d 40 (Fla.1966). Having concluded there remain disputed issues of fact, we are compelled to reverse. Morr also presents as error the procedure employed by the trial judge in granting the summary judgment. Because of our determination that the summary judgment should be reversed, the procedural question is moot and requires no discussion. Accordingly, we reverse the summary judgment and remand this matter for further proceedings.
PATTERSON, A.C.J., and ALTENBERND, J., concur.

. The record before us contains only the stipulation and order and none of the other pleadings in the DeSoto County case which may have been available to the trial judge.