687 So.2d 825 (1997)
L.N. MURRAY, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
No. 87378.
Supreme Court of Florida.
January 30, 1997.
David W. Foerster of Foerster, Isaac and Yerkes, P.A., Jacksonville, for Petitioner.
Thornton J. Williams, General Counsel and Marianne A. Trussell, Assistant General Counsel, Department of Transportation, Tallahassee, for Respondent.
WELLS, Justice.
We have for review State Department of Transportation v. Murray, 670 So.2d 977 (Fla. 1st DCA 1996), in which the district court certified the following questions to be of great public importance:
IN AN EMINENT DOMAIN CASE IN WHICH AN ESTABLISHED BUSINESS IS NOT TOTALLY DESTROYED BY A TAKING, DOES SECTION 73.071(3)(b), FLORIDA STATUTES,[1] CONTEMPLATE CALCULATION OF BUSINESS DAMAGES BY ANY MEANS OTHER THAN A LOST PROFIT ANALYSIS? IN THE INSTANT *826 CASE IS THE EXPERT'S BUSINESS DAMAGE CALCULATION A LOST PROFIT ANALYSIS REQUIRING THE DEDUCTION OF FIXED EXPENSES, SUCH AS SALARIES, INTEREST, DEPRECIATION, AND UTILITIES, OR AN ALTERNATIVE ANALYSIS, COGNIZABLE UNDER SECTION 73.071(3)(b), BASED ON DEDUCTION OF CERTAIN VARIABLE EXPENSES AND THE EXCLUSION OF FIXED EXPENSES FROM THE ANALYSIS?
Murray, 670 So.2d at 980.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We do not address the first question because both experts in this case employed a lost-profit analysis in estimating the business damages incurred by the property owner. We answer the second certified question by stating that a business-loss calculation based on certain variable expenses and excluding some fixed expenses can be cognizable under section 73.071(3)(b), depending upon the factual circumstances of a particular case. In this case, we hold that it was within the discretion of the trial judge to allow into evidence the business owner's expert witness's analysis, which included variable expenses and excluded some fixed expenses. Accordingly, we quash the decision of the district court and direct reinstatement of the judgment of the trial court.
Pursuant to an eminent domain proceeding, the Department of Transportation (DOT) took part of Murray's restaurant parking lot to expand a state road in Nassau County. The evidence supported a factual finding that the restaurant lost sixteen parking spaces which had been used by the restaurant's customers. The jury awarded Murray both severance and business damages. On appeal, the First District considered two issues regarding the two types of damages. The district court affirmed the court's exclusion of testimony regarding part of DOT's cost-to-cure proposal but reversed on the issue of the lost-profit analysis. First, the court considered whether the trial court erred by excluding testimony concerning DOT's cost-to-cure proposal to negate severance damages. We decline to review the court's decision with respect to this issue, as it is unrelated to the certified questions. We move to the second issue related to the questions.
The issue underlying the certified questions is whether Murray's expert's testimony on business damages was insufficient as a matter of law. The expert witness for Murray testified that he had conducted what he labeled a "deprivation appraisal" of future lost profits of the restaurant likely to be caused by net parking-space loss. To arrive at his lost-profits figure, the expert calculated a projected loss of sales resulting from the lost parking spaces and deducted from that sales amount the business costs which, in his opinion, would have been attributed to production of those sales had the sales not been lost. The expert then capitalized the recurring shortfall and concluded that the capitalized amount would be the loss to the ongoing business. The dispute centers upon determination of the types of costs to include as costs attributed to lost sales resulting from lost parking spaces. The expert included costs of food, other supplies, laundry and cleaning, payroll taxes, group insurance, and workers' compensation insurance proportional to the projected loss of sales. The expert did not include all fixed costs. The First District reversed the trial court's ruling on this issue and held that fixed expenses such as salaries, advertising, depreciation, insurance, and utilities were required in the analysis and that the expert's testimony was inadmissible as a matter of law. The district court remanded for a new trial and directed a determination of lost profits by including fixed expenses.
In answering the certified question, we initially note that we agree with the district court's conclusion that, pursuant to section 73.071(3)(b), Florida Statutes (1991), business damages "are more in the nature of lost profits attributable to the reduced profitmaking capacity of the business caused by a taking of a portion of the realty or improvements thereon." LeSuer v. State Road Dept., 231 So.2d 265, 268 (Fla. 1st DCA 1970). However, it has been held that business damages are not limited to lost profits. Matthews v. Division of Admin., 324 So.2d 664 (Fla. 4th DCA 1975). We agree with and adopt Judge Benton's analysis of the admission *827 in this case of the business owner's expert's opinion on the calculation of the business loss. In his dissent below, Judge Benton correctly stated that the restaurant owner's expert used allowable assumptions for a partial destruction of a business. Although the expert labeled his calculation a "deprivation appraisal," we consider it to be in reality a type of profit-loss analysis which the trial court could admit for the jury's consideration in this case concerning partial destruction of a business.
The district court majority, citing to State Department of Transportation v. Manoli, 645 So.2d 1093 (Fla. 4th DCA 1994), was particularly concerned with the fact that the owner's expert did not include managerial salaries in the costs he deducted from the projected loss of sales. We find that Manoli is distinguishable from the instant case because Manoli involved a business that had to be closed because of a taking. In such a total destruction of a business, there is no apportioning of costs between the partial loss and the ongoing concern as there is in the present case.
We conclude that section 73.071(3)(b), Florida Statutes (1995), does not require the calculation of business damages by one mechanically applied, one-size-fits-all formula which would not produce proper results. For an ongoing business, such as the restaurant in the instant case, business damages are inherently fact-intensive. Some costs, such as insurance on the restaurant building, will continue to be the same regardless of the loss of parking spaces. Ultimately, it is for the fact-finder to calculate the damages.
Both the business owner and the taking authority should be permitted to present the opinions of qualified experts based upon generally accepted accounting principles as to what should be included in the jury's calculation of the business damages. In this case, the business owner and DOT each presented such expert opinion as to the amount of business damages. DOT did not challenge the part of the restaurant owner's expert's analysis stating that some costs varied directly with sales. Rather, DOT contended that all costs had to be included in the costs deducted from the projected loss of sales and that, absent such inclusion, the expert's opinion was inadmissible. We do not agree.
We find that the trial court was within its discretion in this case in allowing the restaurant owner's expert's opinion as to the fact that certain costs would be the same in continuing to operate the restaurant with fewer parking spaces. The trial court likewise correctly allowed DOT's expert to present to the jury an opinion that certain of the costs that the owner's expert excluded should have been included in the business-loss calculation. It was for the jury to resolve the dispute as to the loss, which the jury did. We find no basis for disturbing that finding.
Having answered the second certified question, we quash the decision of the district court and direct reinstatement of the judgment of the trial court.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] Section 73.071(3)(b), Florida Statutes (1991), provides in pertinent part:

(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
. . . .
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation... and the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing ... the probable damages to such business which the denial of the use of the property so taken may reasonably cause;....