924 So.2d 875 (2006)
GATEWAY GROWERS, INC., Appellant,
v.
SCHOOL BOARD OF PALM BEACH COUNTY, Florida, C & H Landscape Contractors, Inc., Arturo O. Scroggie, Roger B. Decapito, Bermuda Landscape & Design, Inc., Bermuda Services, Inc., d/b/a Southeast Irrigation Company, and Jeffrey W. Brown, Appellees.
No. 4D05-891.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Rehearing Denied April 19, 2006.
*876 Alan E. Deserio, Brandon, and Jeff P. Cynamon of Law Office of Jeff P. Cynamon, P.A., Miami Beach, for appellant.
Randall D. Burks, Ph.D., West Palm Beach, for School Board of Palm Beach County, Florida.
GROSS, J.
The issue in this case is whether a nursery owner is entitled to business damages when it operates its business from two parcels four miles apart and the government takes all of one parcel in eminent domain. Because the remaining parcel did not adjoin the land taken, we hold that the business damages statute does not apply and affirm the trial court's decision not to submit the issue of business damages to the jury.
Gateway Growers, Inc., operated a wholesale nursery on two separate pieces of property in Lake Worth, Florida. One piece was located on Canal 14 Road; the other was on Western Way. The two parcels were about four miles apart. Through an eminent domain proceeding, the School Board of Palm Beach County acquired all of the Canal 14 property. The Western Way property was not a part of the eminent domain case.
Gateway sought a jury trial on the issues of compensation and business damages. Its position on business damages was that the Canal 14 and Western Way properties should be considered as one piece of property, so that the taking of the Canal 14 parcel qualified as "less than the entire property . . . sought to be appropriated" within the meaning of the business damages statute, section 73.071(3)(b), Florida Statutes (2004).
Before trial, the circuit judge granted the School Board's motion in limine and ruled that she would not submit the business damages issue to the jury. The jury returned a verdict of $1,378,820 in compensation to Gateway for the Canal 14 property. Neither party challenges that verdict on appeal.
Business damages are a matter of legislative grace and not a constitutional right. See, e.g., State Dep't of Transp. v. Barbara's Creative Jewelry, Inc., 728 So.2d 240, 243 (Fla. 4th DCA 1998). The business damages statute is "strictly construed in favor of the state and against" one seeking such damages. Tampa-Hillsborough Cty. Expressway Auth. v. K.E. Morris Alignment Serv., 444 So.2d 926, 928 (Fla.1983). "[A]ny ambiguity in section 73.071(3)(b) should be construed against the claim of business damages, and such damages should be awarded only when such an award appears clearly consistent with legislative intent." Id. at 929.
Section 73.071(3), the basis for business damages, provides:
(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(a) The value of the property sought to be appropriated;
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 4 *877 years' standing before January 1, 2005, or the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing on or after January 1, 2005, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his or her written defenses the nature and extent of such damages. . . .
(Emphasis added).
The statute makes business damages available when there has been a partial taking of land, i.e., "[w]here less than the entire property is sought to be appropriated." See Weaver Oil Co. v. City of Tallahassee, 647 So.2d 819 (Fla.1994). Importantly for this case, the statute requires that the business of one seeking damages be located upon lands "adjoining" the property taken. "Adjoin" means "[t]o be next to," to "be in contact with" or to "abut upon." WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 78 (1984); BLACK'S LAW DICTIONARY 39 (5th ed.1979). This requirement of close-connectedness between the location of a business and the property taken is a carryover from a predecessor statute which required that the business be located upon land "adjoining, adjacent or contiguous" to the property taken. § 73.10, Fla. Stat. (1941) (quoted in Meyers v. City of Daytona Beach, 158 Fla. 859, 30 So.2d 354, 355 (1947)).
It is the four-mile distance between the Western Way and Canal 14 tracts that renders business damages inapplicable. The entire Canal 14 tract was taken; there was no partial taking leaving a part of the nursery business on the remainder. The continued operation of the nursery business on Western Way was not on land "adjoining" the property taken within the meaning of section 73.071(3).
A review of the case law applying section 73.071(3)(b) or its predecessor, section 73.10(4), and affirming, to some degree, an award of business damages reveals that the damages were awarded solely in cases where the land taken and the land that remained were "adjoining" in the literal, physical sense. See Murray v. Dep't of Transp., 687 So.2d 825 (Fla.1997); State Road Dep't v. White, 148 So.2d 32 (Fla. 2d DCA 1963), cert. discharged by, State Road Dep't v. White, 161 So.2d 828 (Fla. 1964); State, Dep't of Transp. v. Tire Ctrs., LLC, 895 So.2d 1110 (Fla. 4th DCA 2005); State, Dep't of Transp. v. Manoli, 645 So.2d 1093 (Fla. 4th DCA 1994); Div. of Admin., State of Fla. Dep't of Transp. v. Ness Trailer Park, Inc., 489 So.2d 1172 (Fla. 4th DCA 1986); Matthews v. Div. of Admin., State, Dep't of Transp., 324 So.2d 664 (Fla. 4th DCA 1975); Owens v. Orange County, 747 So.2d 467 (Fla. 5th DCA 1999); Blockbuster Video, Inc. v. State, Dep't of Transp., 714 So.2d 1222 (Fla. 2d DCA 1998); Night Flight, Inc. v. Tampa-Hillsborough County Expressway Auth., 702 So.2d 538 (Fla. 2d DCA 1997); Morr v. State, Dep't of Transp., 667 So.2d 888 (Fla. 2d DCA 1996); Robert H. Hart & Sons, Inc. v. State, Dep't of Transp., 559 So.2d 302 (Fla. 2d DCA 1990); Slacter v. City of St. Petersburg, 449 So.2d 1006 (Fla. 2d DCA 1984); Tampa-Hillsborough County Expressway Authority v. Campoamor Modern Dairy, Inc., 436 So.2d 922 (Fla. 2d DCA 1983); Lee County v. T & H Assocs. Ltd., 395 So.2d 557 (Fla. 2d DCA 1981).
Gateway relies upon Town of Jupiter v. Alexander, 747 So.2d 395 (Fla. 4th DCA 1998), to argue that its two lots should be viewed as a single tract for the purpose of assessing business damages. In Alexander, *878 we wrote that "tracts physically separated from each other may constitute a single tract if put to a single integrated use." 747 So.2d at 401. However, Alexander did not involve the application of Florida's business damages statute, with its prerequisite that a business be located on lands "adjoining" the property taken. The issue in Alexander was whether there had been a temporary taking of an island in the Intracoastal Waterway. For this reason, we find the case to be inapplicable.
We find no error in the trial court's refusal to submit to the jury the issue of whether Gateway was entitled to business damages. Section 73.071(3) provides that the jury shall determine "solely the amount of compensation to be paid." Section 73.061(1), Florida Statutes (2004), provides that prior to trial, "the court may hold a hearing, in limine, to settle all disputed matters properly before it which must be determined prior to trial." The physical distance between the two lots was not a disputed fact. There was no dispute that the entire Canal 14 parcel was taken. Applying these undisputed facts, the trial court properly made a legal ruling that business damages were inapplicable, so there was no compensation issue to submit to the jury.
Affirmed.
MAY, J., and IMPERATO, CYNTHIA G., Associate Judge, concur.