PIONEER LAUNDRY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4739. Promulgated December 16, 1926.

Value of good will acquired in exchange for stock determined.

*Louis S. Beedy, Esq.*, and *D. A. Sargent, C. P. A.*, for the petitioner.

*George G. Witter, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1919, 1920, and 1921, in the respective amounts of $619.76, $807.56, and $261.21. The only issue is the value of the good will acquired by the petitioner from a predecessor in exchange for capital stock at the date of incorporation.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office at Emeryville, which is adjacent to Oakland. It was incorporated in 1916, with an authorized capital of $100,000. The purpose of the incorporation was to acquire the assets and business of a co-partnership of the same name which was established in 1907. The original capital contribution to the partnership was $7,500, subsequently increased by the amount of $2,000, which was paid in some years after the business was established.

The opening balance sheet of the petitioner at April 1, 1916, was as follows:

| RESOURCES | | LIABILITIES | |
|---|---|---|---|
| Plant & Equipment: | | Capital Stock: | |
| Real Estate & Buildings | $15, 500. 00 | F. W. Weiss | $15, 250. 00 |
| Machinery | 25, 325. 25 | Gottifred Weiss | 7, 625. 00 |
| Horses & Vehicles | 3, 900. 00 | Edward Weiss | 7, 625. 00 |
| Supplies | 3, 703. 51 | J. A. Beidman | 15, 250. 00 |
| Office Furn. & Fixtures | 653. 00 | F. F. Turner | 9, 250. 00 |
| Routes & Good Will | 19, 066. 40 | | $55, 000. 00 |
| Bills Receivable | 5, 250. 00 | | |
| Accounts Receivable | 268. 00 | Bills Payable: | |
| Cash on hand | 577. 20 | Bank of Tohama Co | 2, 000. 00 |
| | | 1st Nat'l Berkeley | 1, 525. 00 |
| | $74, 243. 36 | F. F. Turner | 1, 425. 00 |
| | | Patek & Co | 1, 269. 32 |
| | | Jules Latapic | 1, 000. 00 |
| | | West'n. Ldy. Mchy. Co | 200. 00 |
| | | | $7, 419. 32 |
| | | Accounts Payable | $11, 824. 04 |
| | | | $74, 243. 36 |

(*As of February 20, 1916.*)

Capital stock in the amount of $55,000 was issued in payment for the tangible and intangible assets of the partnership. In its income and profits-tax returns for the taxable years, the petitioner included in its computation of invested capital the amount of $19,000 as the value of good will acquired by purchase from its predecessor. The Commissioner disallowed all good will and determined the deficiencies involved in this proceeding.

The petitioner and its predecessor owned all the property and drivers' routes used in the business. It conducted what is known in the trade as an " inside laundry," which is one in which the delivery equipment and the drivers' routes are the property of the operating company. At the date of incorporation it acquired nine drivers' routes and 1,800 weekly customers from its predecessor. The minimum of weekly cash receipts from each customer was 50 cents, and the minimum of weekly cash receipts of the business at the date of incorporation was $900. The drivers' routes acquired by the petitioner had a capital value of not less than $20 for each one-dollar's worth of weekly receipts therefrom. The value of the intangible property acquired by the petitioner in exchange for stock at April 1, 1916, was $18,000.

### OPINION.

LANSDON : The petitioner has proved that it acquired nine drivers' routes with 1,800 weekly patrons, each paying not less than 50 cents per week for laundry. Several witnesses, who qualified as laundry operators and as having knowledge of the cash value of " inside laundry " routes, testified that the fair market value of such routes is at least $20 for each dollar of weekly receipts. The Commissioner contends that the petitioner acquired no good will, and relies on the fact that, at the date of incorporation, the predecessor was not making very much money, and that there is no basis for determining the value of intangibles by applying a formula for capitalizing net earnings in excess of a fair return on tangibles used in the business.

We have repeatedly held that the capitalization of earnings in excess of some fixed return on tangibles is only one of several methods that may be used to ascertain the value of intangible assets. The lists of customers and drivers' routes of a laundry correspond very closely to the circulation structure of a newspaper which we have held is intangible property, the value of which, when proven, should be included in the computation of statutory invested capital. *Appeal of Herald-Despatch Co.*, 4 B. T. A. 1096.

We are of the opinion that the petitioner acquired good will in exchange for shares of its capital stock at date of incorporation of the value of $18,000, and that this amount, subject to the limitations

of section 326(a)(4) of the Revenue Act of 1918, should be included in the computation of its statutory invested capital for the years 1919, 1920, and 1921. *Appeal of Metropolitan Laundry Co.*, 2 B. T. A. 1062.

> *Judgment will be entered on 20 days' notice, under Rule 50.*