324 So.2d 664 (1975)
Catherine MATTHEWS, Appellant,
v.
DIVISION OF ADMINISTRATION, STATE of Florida, DEPARTMENT OF TRANSPORTATION, et al., Appellees.
No. 73-599.
District Court of Appeal of Florida, Fourth District.
December 26, 1975.
Rehearing Denied January 28, 1976.
*665 Patrick L. Bailey, Sullivan, Cochran, Ranaghan & Bailey, Pompano Beach, for appellant.
Geoffrey B. Dobson, Gen. Counsel, and Barbara Ann Dell McPherson and Winifred S. Smallwood, Tallahassee, for appellee-Dept. of Transp.
OWEN, Judge.
The principal issue in this eminent domain case is whether the measure of damages recoverable when an established business is totally destroyed by the taking is limited to the owner's loss of profits from the business.
Appellant, defendant below, owned a laundromat business which, she alleged, had been totally destroyed as a result of the taking of her adjacent property for right of way purposes. At trial she produced an expert who so testified, expressing the opinion that the value of the business was "within the area of $28,000 to $32,000." In explaining this, the witness stated that he had assigned a $15,000 value to the equipment in defendant's shop and a $13,000 value to the goodwill of the business, this latter figure being selected because it equalled the annual volume of business. Upon cross-examination the witness conceded that he was not familiar with the profit structure of the business after which the following testimony was elicited from him:
"Q Then it would be most difficult, wouldn't it, as a matter of logic, for you to place a value on a business when you haven't determined what that business has, in effect, done for the past five years?
"A No, not really. Because the equipment is worth something, and so is the volume that has been raised. Now, it takes a certain amount of time and effort and money to bring up a volume. And when an operation starts, it might be two or three or four or five or six months, depending on the address of the person, before anything is established.
"Q What if I were to tell you, just hypothetically, since you are an expert in this field, that that business did not make a profit for the five years immediately preceding your analysis, what would you say to that?
"A I would say there are so many other ones that have the same structure as that and they are selling for about the same price that I have mentioned.
"Q I am not discrediting what you are saying. I am merely saying this business is a different matter. This is a specific business owned by Mrs. Catherine Matthews, not the businesses out in the field, the comparable businesses about which you have told us. But this is a specific business, and she must qualify under this business.
"All right. Then you did not consider the profit taking or loss of the particular business owned by Catherine Matthews for the five years immediately preceding January of 1971?
"A No, I did not."
The State moved to strike the testimony of this witness on the grounds that there was no evidence of a loss of profits to defendant's business and thus the testimony was speculative and conjectural. The motion was denied, but after the jury had subsequently returned a verdict for the defendant which included the amount of $20,000 for business damages, the court granted the plaintiff's motion for a new trial on the grounds that the admission of such testimony was error "... in that the same was speculative and failed to consider the loss of profit[s] to the defendant's business... ." This is the order appealed.
*666 In granting the motion for new trial, it is apparent that the trial court felt (in line with appellee's contention on appeal) that loss of profits is the sole measure of the business damages recoverable under Fla. Stat. § 73.071(3)(b) (1973)[1] when an established business has been totally destroyed by the taking. It is our view that such position is not correct and that it was error to vacate and set aside the verdict and grant appellee a new trial.
Compensation for business damages is entirely a creature of statute, State Road Department v. Abel Investment Company, 165 So.2d 832 (2nd DCA Fla. 1964), and is a form of relief which most jurisdictions do not provide. The Legislature did not define or otherwise elaborate upon what constitutes "business damages," but there is absolutely no indication that it intended this statute to be construed as allowing business damages for lost profits only. The statutory language, which authorizes compensation for "the probable damages to such business which the denial of the use of the property so taken may reasonably cause", simply does not warrant this restrictive interpretation.
The Florida courts have apparently had no occasion to expressly define the proper measure of business damages as contemplated by the statute. The State relies on two Florida cases in support of its position, but neither of these cases purports to definitively define business damages.
The first of these cases, City of Tampa v. Taxas Co., 107 So.2d 216 (2nd DCA Fla. 1958), to the extent that it does relate to business damages, instead of supporting the State's position, in fact undermines it. In that case, the court was concerned primarily with issues not relevant here, but in the course of a discussion of who may recover for business damages, the court, at 225, noted:
"The general rule [which disallows business damages] ... is not applicable where there exists a statutory right to compensation for loss of profits and other business losses such as exists in Florida by virtue of ... [the predecessor statute to § 73.071(3)(b)]." (e.s.)
Thus, the emphasized language would at least imply that the 2nd DCA has interpreted Florida's business damage statute as providing recovery for more than simply loss of profits.
The other case relied upon by the State is LeSuer v. State Road Department, 231 So.2d 265 (1st DCA Fla. 1970). In determining the sufficiency of a jury verdict in that case, the court distinguished between severance damages and business damages, as follows (at 267-8):
"In appellants' argument in support of the first ground for reversal it is contended that the minimum of $65,000 that it would cost to relocate the facilities in his business on that portion of his property not taken are business damages and therefore the jury's verdict had to be at least in that amount in accordance with the rule that the jury cannot ignore evidence of business damages. We cannot *667 agree with this thesis. The cost of effecting physical changes or modifications in the premises necessitated by a taking are in the nature of damages to the remainder or severance damages, not business damages. The latter class of damages within the meaning of Section 73.071(3)(b), Florida Statutes, F.S.A., are more in the nature of lost profits attributable to the reduced profit-making capacity of the business caused by a taking of a portion of the realty or improvements thereon. A typical example of such business damages was before this court in Sallas v. State Road Department, 220 So.2d 378 (Fla.App. 1969)." (e.s.)
Thus, in referring to business damages, the court did not state that lost profits were the only compensable item but only indicated that such was most likely to be the type of damage claimed. Moreover, as appellant/condemnee here points out in her reply brief, the LeSuer court had in mind the more usual situation of a taking which results merely in reduced profit-making capacity, rather than that which results in the entire destruction of the business as was shown to have occurred here.
That distinction, i.e., the difference between merely reducing the profit-making capacity of a business and totally destroying it, is an important one. Where an established business is able to continue in operation at the identical location, albeit with diminished volume, it can be fairly argued that the "effect of the taking" does not seriously diminish customer goodwill or the value of the business equipment. On the other hand, common experience teaches us that where the "effect of the taking" is to totally destroy an established neighborhood-retail business, there is, or at least well may be, a substantial loss on the value of the business equipment and the value of customer goodwill. As is recognized in McCormick, Damages, § 132, at 537 (1935), the condemnee "loses good will ... to the extent that his patronage cannot be transferred to a new location. In the case of retail stores and other businesses, where customers are dealt with directly, good will is to a substantial degree attached to the old place." Appellant's witness, whose qualifications were not challenged, placed a market value on the equipment of $15,000 and a value on the goodwill of the business at $13,000. Appellant testified that she went out of business and that she liquidated the equipment for approximately $4,700, presumably the best price she could obtain for it under the conditions. The testimony of appellant and her expert witness was competent and relevant and would sustain the amount of the verdict for business damages.
While a persuasive argument could be made that the value of goodwill in a business making a profit would ordinarily be greater than the value of goodwill in a business not shown to have made a profit, such argument would nonetheless go to the weight of the evidence rather than to its competency. That a business losing money may have a "going-concern value"[2] was recognized by the United States Supreme Court in the case of Kimball Laundry Co. v. United States, 338 U.S. 1, 69 S.Ct. 1434, 93 L.Ed. 1765 (1949) wherein the court stated, at 19, 69 S.Ct. at 1444:
"Though not capitalized and carried on the books, it is obvious that such ... [going-concern value] may be present even in a business losing money or at any rate not making enough to have any `excess' income. A relevant measure of its value, however, would be the gross income of the business, as is recognized by the method of estimating going-concern value that has been employed in cases dealing with the excess-profits *668 tax base of laundry businesses. See Appeal of Metropolitan Laundry Co., 2 B.T.A. 1062; Pioneer Laundry Co. v. Commissioner, 5 B.T.A. 821." (e.s.)
See also, the case of In re Application and Petition of Huie, 285 App.Div. 1206, 140 N.Y.S.2d 658 (1955) recognizing that profits are not the full measure of the value of a business, and hence, of the compensation due its owner where that business is destroyed by eminent domain proceedings, the court stating, "... it may well be that value may exist in a country store business which operates for many years and sustains those who work in it, that cannot readily be demonstrated by conventional accounting methods."
In summary, we hold:
(1) Neither Florida's business damage statute nor case law limits business damage compensation exclusively to loss of profits, but particularly where a business is totally destroyed, there are business losses beyond profit losses, attached to moving or selling equipment and loss of goodwill;
(2) Goodwill need not be valued with reference to profit and loss. Goodwill can exist as a valuable asset even in a business which shows only a lose. Goodwill can be valued in relation to business volume, as was done by the witness in the case at bar;
(3) The testimony of the defendant's witness relating to defendant's business damages was properly admitted; and it was therefore error to grant plaintiff's motion for a new trial.
The order granting a new trial is reversed and this cause is remanded with directions to reinstate the jury verdict for defendant and to enter judgment thereon.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur.
NOTES
[1] Fla. Stat. § 73.071(3)(b) (1973) provides:

"(3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
(a) The value of the property sought to be appropriated; and
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including when the action is by the division of road operations of the department of transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than five years' standing, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his written defenses the nature and extent of such damages." (e.s.)
[2] The term "going-concern value" appears to be indistinguishable from, and used by the court interchangeably with, the term "goodwill".