FERGUSON, Judge.
The main issue presented by this appeal is whether a lessee of real property taken by eminent domain was entitled to separate compensation for (1) business damages, and (2) severance damages for the loss of value of personal property occasioned by the taking. Under the terms of a stipulated partial summary judgment the fee owner received $322,895 for the total taking of real property, identified as Parcel 104, and the lessee received $8,605 for leasehold improvements.
Sun Island’s claim for business damages is based on the fact that it operated on two parcels of real estate and that the taking of one parcel which it leased, without the taking of the other parcel, which it also leased, constituted a taking of less than all the realty. In support of the claim for severance damages Sun Island claims that taking the real property where the business was operated caused a forced sale of the personal property used in the business for less than its actual value.
The trial court directed a zero dollar verdict against Sun Island on the claim for business damages for the expressed reason that there had been a total taking but allowed the matter to be considered by the jury for an advisory opinion. A verdict of $315,000 in severance damages and $75,000 in business damages was returned by the jury. This appeal is brought from a judgment entered on the verdict awarding severance damages. Sun Island cross-appeals from the directed verdict which denied the claim for business damages.
We reverse the judgment awarding severance damages for the following reasons. Generally severance damages are awarded for personalty, in the case of a total taking of the realty, only where the property fits into a category of trade fixtures, see Dependable Air Conditioning v. Office of Treasurer, 400 So.2d 117 (Fla. 4th DCA), review denied, 411 So.2d 381 (Fla.1981), or functional units, Malone v. Division of Administration, Florida Department of Transportation, 438 So.2d 857 (Fla. 3d DCA 1983), review denied, 450 So.2d 487 (Fla.1984). Sun Island’s equipment here consisted of:
boats boat molds station wagon
filing cabinets telephone hawaiian slings
water skis life vests fishing poles
chairs tools stereo
*605 shovels hedge trimmer extension cords
mask outboard motors pickup truck
forklift television lawn mowers
scuba equipment wetsuits ski ropes & jackets
welding equipment air compressors underwater cameras
rakes gas gun fire extinguishers
paddles & oars fins & snorkels
The personal property was not taken, damaged or destroyed. In fact it was moved and sold by Sun Island for $12,000. Furthermore, the property does not fit into the categories of trade fixtures or functional units as the terms are described in the law.
We affirm the judgment entered on a directed verdict denying business damage. Sun Island relies on section 73.-071(3)(b), Florida Statutes (1985), which applies “[w]here less than the entire property is sought to be appropriated.” Parcel 104, where the boat rental business was conducted, was taken in its entirety, including Sun Island’s leasehold interest. The second parcel, identified as the A1A property, is approximately a mile away from Parcel 104. According to the testimony of the owner, no active rental business was conducted on the site; instead, the property was used only as “an advertising front door.” In fact, zoning laws prohibited the operation of a boat rental business on the site.
In order to show that two parcels are a single tract for the purpose of severance damages, three factors must be established: physical contiguity, unity of ownership, and unity of use. Mulkey v. Division of Admin., Fla. Dep’t of Transp., 448 So.2d 1062 (Fla. 2d DCA 1984). Sun Island was unable to show either physical contiguity or unity of use. Section 73.071(3)(b), Florida Statutes (1985), is therefore inapplicable. Metropolitan Dade County v. Curelli, 511 So.2d 602 (Fla. 3d DCA 1987).
Our attention has been called to other authority, Baldwin Park Re-Development Agency v. Irving, 156 Cal.App.3d 428, 202 Cal.Rptr. 792 (1984), which allowed compensation for loss of value of personal property caused by the taking of the real property. In Baldwin Park the condemned property consisted of two parcels surrounded by unimproved realty. Part of the land was used as a junk yard and the other part served as a place of business for an auto wreck firm. The property contained 400 vehicles in various stages of disrepair valued at $342,000. Because there was not an adequate replacement site and no buyer willing to pay a fair price, the inventory was salvaged for $50,000. Applying a California statute which was enacted to fill a perceived gap in the eminent domain law the court held “since the condemnatory act in and of itself resulted in the devaluation of [the owners’s] stock in trade, she is entitled to be compensated for the loss of the property in question.” Baldwin Park, 202 Cal.Rptr. at 795.
Sun Island makes an attractive argument that it is constitutionally entitled to be compensated for the loss of value to its personal property caused by the taking of the real property. There is, however, no statutory or case law in Florida supportive of the proposition.
We reverse the award of severance damages and affirm the cross-appeal from the judgment denying an award of business damages.