701 So.2d 610 (1997)
Charles TAYLOR, a/k/a Charles S. Taylor, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 96-03846.
District Court of Appeal of Florida, Second District.
October 29, 1997.
Rehearing Denied November 17, 1997.
*611 Alan E. DeSerio, Andrew P. Brigham, and Andrew G. Diaz of Brigham, Moore, Gaylord, Schuster, Merlin & Tobin, Tampa, for Appellant.
Pamela S. Leslie and Gregory G.Costas of the Department of Transportation, Tallahassee, for Appellee.
WHATLEY, Judge.
Charles Taylor contends the trial court erred in excluding his claim for severance damages in his eminent domain proceeding. We agree and reverse.
Taylor owned a 17.6 acre tract of land that is bisected by the Anclote River. Taylor contends, seemingly without contradiction, that the area along the river is environmentally pristine. He contemplated construction of a small-scale, multi-family development along the river. Testimony was such that the pristine environmental habitat along the river presented an amenity that would translate to a premium for multi-family use.
The State of Florida Department of Transportation (DOT) took parcels of land from Taylor and adjoining landowners for the purpose of constructing a roadway project and bridge over the river. Taylor's parcel 105C and parcels of other landowners formed a mitigation area wherein DOT attempted to mitigate the environmental consequences caused by the roadway construction and new bridge.
Taylor sought compensation for the parcels actually taken, together with severance damages. Severance damages are generally measured by reduction in value to the remaining property. See Mulkey v. Division of Admin., State of Florida, Dep't of Transp., 448 So.2d 1062 (Fla. 2d DCA 1984).
Taylor's claim for compensation as to the parcels actually taken was resolved at trial. However, on the morning of trial, DOT filed a motion in limine, arguing that the claim for severance damages should be excluded from consideration by the jury. This motion in limine was the equivalent of a motion for summary judgment. After an extended hearing, the trial court ruled that Taylor could not seek severance damages for damages caused by any taking of property other than his own. The trial then proceeded only on the issue of the value of the property actually taken.
DOT, in defeating Taylor's claim for severance damages, argued that the general rule in Lee County v. Exchange National Bank of Tampa, 417 So.2d 268 (Fla. 2d DCA 1982), review denied, 426 So.2d 25 (Fla. 1983), applied. Taylor countered by arguing that the exception set forth in Exchange National Bank applied. The general rule as stated by Exchange National Bank is:
In the case of a partial taking, a landowner is generally entitled only to such damages to the remainder as are attributable to the use or activity on the land which is taken and is not entitled to such consequential damages from activity occurring on land which is taken from others.
Id. at 269. The court in Exchange National Bank stated the exception to this rule as follows: "However, the rule is often subject to an exception which authorizes an award for damages to the remainder where the use of the land taken constitutes an integral and inseparable part of a single use to which the land taken and other adjoining land is put." Id. DOT contended that the overwhelming bulk of the mitigation area is located upstream of the Taylor property on land acquired from others.
Taylor proffered testimony from a number of witnesses, including a professional engineer, a hydrologist, a biologist, and an MAI appraiser. Their testimony was such that the bridge and roadway design was flawed, leading to negative downstream consequences to Taylor's remaining property. The alleged negative consequences included water pollution and downstream transportation of sand, debris, and silt. Taylor's witnesses attributed this loss/damage to the use *612 of the land taken from Taylor in combination with the use of the land taken from adjacent properties for the mitigation area. The alleged effect of the use of the properties taken was not attributable to an individual parcel, but resulted from the effect of the entire project and mitigation area.
DOT contends the proffer was defective, because it was submitted posttrial and it was not admitted into evidence. DOT's argument fails. It was DOT that objected to a proffer during trial. The argument that a proffer must be admitted into evidence is patently wrong due to the very nature of a proffer. A proffer is preservation for record purposes of excluded evidence. See Fla. R. Civ. P. 1.450(b); § 90.104(1)(b), Fla. Stat. (1995). A sufficient offer of proof of the excluded testimony is all that is required. See Henry P. Trawick, Florida Practice and Procedure § 22-10 (1996).
The aforementioned proffered testimony of Taylor's experts should have been admitted. That testimony is sufficient to invoke the exception set forth in Exchange National Bank. As such, the question of compensation, if any, for severance damages was one for the jury to resolve.
Accordingly, this matter is reversed and remanded for trial on the issue of severance damages.
ALTENBERND, A.C.J., and LAZZARA, J., concur.