895 So.2d 1110 (2005)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
TIRE CENTERS, LLC, a Delaware Limited Liability Company, et al., Appellees.
No. 4D03-3378.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
Rehearing Denied April 4, 2005.
*1111 Pamela S. Leslie and Gregory G. Costas, Tallahassee, for appellant.
Allan M. Rubin, Suzanne M. Driscoll of Shutts & Bowen, LLP, Fort Lauderdale, and Alan E. Deserio, Brandon, for appellee Tire Centers, LLC.
POLEN, J.
This appeal arises from a partial taking of property located in Palm Beach County at 6551 Southern Boulevard in West Palm Beach. The 2.9 acre property was used by the Appellee, Tire Centers, in its tire services business operations. The Appellant, State of Florida Department of Transportation (D.O.T.), took significant portions of the property for use in the construction of highway improvements. The taking required demolition of Tire Centers' existing structure on the property. Tire Centers relocated its business relatively close by to a Pike Road site. The parties stipulated to a partial final judgment awarding Tire Centers $875,000 "representing full compensation with respect to ... the value of the land and improvements acquired, cost to cure, and severance damages, but exclusive of business damages" and litigation fees. D.O.T. took the position that Tire Centers was able to mitigate some of its business damages by retaining some of its goodwill in relocating to a site within a short distance of the condemned site. However, Tire Centers successfully moved in limine to preclude evidence of mitigation of its damages. As the parties were in agreement as to the amount of damages if they were to be calculated as a total loss of the property, the trial court awarded business damages in the agreed amount of $1,738,235. On appeal, D.O.T. challenges the trial court's ruling on the motion to exclude evidence of mitigated damages by an off-site cure. As we explain below, we affirm.
Section 73.071(3)(b), Florida Statutes (2003), which covers both severance damages and business damages provides, in relevant part, that in an eminent domain action:
Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, ... and the effect of the taking of the property involved may damage or destroy an established business of more than 4 years' standing before January 1, 2005, ... owned by the party whose lands are being so taken, located upon *1112 adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his or her written defenses the nature and extent of such damages.
The question presented is whether a condemning authority may introduce evidence of mitigated business damages based upon an off-site cure.
The purpose of business damages is to compensate a business owner for any hardship which results from a taking which is not included in the constitutionally required full compensation. Business damages can account for, amongst other things, a loss of goodwill. However, business damages are not intended to be a windfall for the business owner.
Statutes should be construed in light of the manifest purpose to be achieved by the legislation. The purpose of section 73.071(3)(b) is to mitigate the hardship that may result when the state exercises the power of eminent domain paying only the constitutionally required full compensation for the property actually taken. The legislature in doing so has recognized that a business location may be an asset of considerable value and susceptible of being substantially damaged by a partial taking. To assure the existence of a substantial business interest in the location as a prerequisite to an award of business damages, the legislature included the requirement of five years of operation at the location. The requirement of "more than [4] years' standing," seen in the light of the legislative purpose, obviously refers to the length of time the business has operated at the location where business damages are claimed to have been incurred due to condemnation of adjoining land. The length of time that the operator of the business has been in business at previous or other locations and the duration of its existence as a business entity are obviously irrelevant to the inquiry mandated by the statute.
Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 929-930 (Fla.1983) (citations omitted).
Central to the trial court's ruling was the "parent tract rule." Under the parent tract rule "in order to show that two parcels are a single tract for the purpose of severance [and business] damages, three factors must be established: physical contiguity, unity of ownership, and unity of use." State, Dep't. of Transp. v. Sun Islands Boats, Inc., 510 So.2d 603, 605 (Fla. 3d DCA 1987). Tire Centers proceeds to argue that in calculating business damages, a trial court cannot look beyond the parent tract for mitigation. However, Sun Islands neglects to comment on whether business damages can be mitigated by relocation to a new tract.
The case most directly on point is Mulkey v. Division of Administration, State of Florida, Department of Transportation, 448 So.2d 1062 (Fla. 2d DCA 1984). In Mulkey, a partial taking of property left a lessee with only three of its total eight parking spaces for its convenience store, resulting in a suit for business damages. D.O.T. presented three projections of business damages. The first two were based on the lessee's ability to use a specific adjacent parcel of land outside the property over which it held a leasehold interest. The third projection involved relocation of the store to another site. Only the first two projections were challenged on appeal. The second district held:
Two of the expert's three options were based on a theory of mitigation which involved relocation of the business's *1113 parking onto the vacant lot. While we agree that a condemnee has a duty to mitigate his losses, we find that the expert's valuations involved a misconception of the law, as the two valuations were based on the ability [ ] to use a specific parcel of land outside the property over which it held a leasehold interest.
Id. at 1067. Notably, the second district failed to comment on the third projection. Notwithstanding, Tire Centers argues that Mulkey prohibits business damages from being mitigated by the use of land outside the "parent tract."
We find Tire Centers' argument to be persuasive. Mulkey clearly acknowledges a duty to mitigate. On the other hand, that duty only extends to mitigation of the remaining property. Eminent domain law focuses only on the land taken, notwithstanding that in a case such as this a substantial portion of lost goodwill may possibly be recaptured by way of a nearby relocation. As such, the taking of the specific property at issue is the sole focus of business damages under section 73.071(3)(b). If the legislature had intended business damages to be subject to mitigation by an off-site cure, it could have easily done so. Consequently, we find that the trial court did not err by excluding any consideration of mitigated business damages by way of an off-site cure.
AFFIRMED.
GUNTHER and STONE, JJ., concur.