985 So.2d 687 (2008)
SYSTEM COMPONENTS CORPORATION, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 5D06-2864.
District Court of Appeal of Florida, Fifth District.
July 3, 2008.
*688 Marty Smith and Ann Melinda Craggs, of Bond, Arnett, Phelan, Smith & Craggs, P.A., Ocala, for Appellant.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, of Department of Transportation, Tallahassee, for Appellee.
M. Stephen Turner, P.A., and Robert J. Witmeyer, of Broad and Cassel, Tallahassee, Amicus Curiae in support of Appellant.
GRIFFIN, J.
Appellant, System Components Corporation ["System Components"], appeals the final judgment entered following a jury verdict in an eminent domain case.
In 2004, the Florida Department of Transportation ["DOT"] filed a condemnation action seeking to take property for the widening of State Road 40 west of Ocala. This included the business location of System Components.[1] System Components' property consisted of two adjoining lots, measuring 1.774 acres. One of the lots was improved with a 5,000 square foot single-story building. The building contained front office space, as well as warehouse storage in the rear. The second adjoining lot was vacant and held for potential future expansion.
The effective date of the taking was July 22, 2004. After the taking, System Components was left with a .648 acre parcel and over half of its building taken. Because there was insufficient space to rebuild due to setback lines, the remaining parcel was unusable to reestablish the business. DOT agreed that the remaining property was of nominal value.
System Components relocated its business operations, initially by leasing an interim facility and then by purchasing real property and constructing new office and warehouse space. At the time of trial, System Components had moved into its new facility.
The parties stipulated to the value placed on the property and building by DOT's appraiser. The parties also agreed that System Components qualified for a business damage claim by meeting the requirements set forth under section 73.071(3)(b), Florida Statutes (2003)[2]. *689 The measure of those damages, however, remained in dispute. System Components contends that it is entitled to recover as business damages the total value of the business, as if it had ceased to exist due to the partial taking. DOT contends that its business damages only include its actual damages, taking into account the continuing operation of the business.
During the litigation, relying on section 73.071(3)(b), Florida Statutes, and Florida Department of Transportation v. Tire Centers, LLC, 895 So.2d 1110 (Fla. 4th DCA 2005), System Components filed a motion in limine seeking to exclude all evidence of what it terms "off-site cure," i.e. that Systems Components was continuing to operate in another location. The trial court denied the motion, expressing disagreement with the Tire Centers decision and undertaking to distinguish it.[3] In its order denying the motion in limine the court explained:
[T]he Fourth District Court of Appeals [sic] did not address the problem as one of reasonableness under the long established principles of the duty to mitigate. Rather, the Fourth District Court of Appeals denied the off-site cure in Tire Centers, LLC on the basis of an inference of a universal prohibition against off-site cures drawn from Florida Statutes Sec. 73.071(3)(b). The Fourth District Court of Appeal's inference ignores the true source of the duty to mitigate... and violates several rules of construction.
To assess System Components' business damage claim, the lower court instructed the jury to determine both measures of damage: the total value of the business as of the date of taking and the mitigation of that loss due to the relocation and continued operation. The jury accordingly returned its verdict, finding that the total value of the business was $2,394,964.00, but business damages actually suffered by System Components were $1,347,911.00. System Components requested that the court enter judgment for the total value of the business, but the court entered judgment for the jury's damage award, calculated by taking into account the fact of the relocation and continuing operation of the business. On appeal, System Components now seeks reversal of this judgment and remand with directions to enter a final judgment for the full value of the business. For the reasons that follow, we cannot agree with the Fourth District's application of section 73.071(e)(h), Florida Statutes (2005), and conclude that System Components was awarded all the business damages to which it was entitled.
Application of the analysis in Tire Centers would mean that a fully functioning business would receive a windfall of over a million dollars for damages it did not suffer. Rather than recover its business damages, it would recover something else, *690 a form of compensation for the taking of part of its property measured by the full value of the business, as though it had ceased to exist. We conclude that this is not what section 73.071 says or intends.
The power of eminent domain is an inherent feature of the sovereign authority of the state. See Tampa-Hillsborough County Expressway Auth. v. K.E. Morris Alignment Serv., Inc., 444 So.2d 926, 928 (Fla.1983). The Florida Constitution guarantees that "[n]o private property shall be taken except for a public purpose and with full compensation therefor paid to each owner." Art. X, § 6(a), Fla. Const. The spirit of this guarantee requires a practical attempt to make the owner whole. The payment of compensation for intangible losses and incidental or consequential damages, however, is not required by the constitution, but is granted or withheld as a matter of legislative grace. See K.E. Morris, 444 So.2d at 928. This includes "business damages," which are governed by statute. See Trinity Temple Church of God in Christ, Inc. v. Orange County, 681 So.2d 765 (Fla. 5th DCA 1996); Mulkey v. Division of Admin., 448 So.2d 1062 (Fla. 2d DCA 1984). Florida has had a statutory provision allowing business damages since 1933; it is presently codified in section 73.071(3)(b), Florida Statutes. The purpose of awarding business damages is to compensate a business owner for any hardship which results from a taking, but which is not included in the constitutionality required full compensation. See Tire Centers, 895 So.2d at 1112. The kinds of damages awardable are not catalogued in the statute, but courts have said they may include lost profits, loss of goodwill, and costs related to moving and selling equipment. See Dep't of Transp. v. Rogers, 705 So.2d 584 (Fla. 5th DCA 1997). Business damages, however, are inherently damages; they are not intended to be a windfall unconnected with any out-of-pocket loss. Tire Centers, 895 So.2d at 1112.
According to section 73.071(3)(b), Florida Statutes:
Where less than the entire property is sought to be appropriated, any damage to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 4 years' standing before January 1, 2005, or the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing on or after January 1, 2005, owned by the party whose lands are being so taken, located upon adjoining lands or owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his or her written defenses the nature and extent of such damages....
(Emphasis added). When the condemnor takes the entire land underlying a business, the owner is not entitled to compensation for the destruction of his business, or the damage to it caused by its forced relocation from its established site. See State Road Dep't v. White, 148 So.2d 32 (Fla. 2d DCA 1962). The Florida Supreme Court has acknowledged that "[t]the purpose of section 73.071(3)(b) is to mitigate the hardship that may result when the state exercises the power of eminent domain...." K.E. Morris, 444 So.2d at 929.
It is important not to confuse severance damages to the realty with statutory *691 business damages. Both severance and business damages are available in appropriate cases. Severance damages may be awarded for the reduction in value of the remaining land, and an additional sum awarded for damages to the business conducted on it. Both may be recovered unless they are identical. See Blockbuster Video, Inc. v. State, Dep't of Transp., 714 So.2d 1222 (Fla. 2d DCA 1998).
One recognized limitation on severance damages is known as the "cost to cure." If the remaining property and improvements can be restored to their original utility and value, this approach may be used to reduce the severance damages the condemnor otherwise would have to pay. See Canney v. City of St. Petersburg, 466 So.2d 1193 (Fla. 2d DCA 1985). Evidence of the "cost to cure" the damage to the remaining property is in mitigation of severance damages. It is generally agreed that the condemnor cannot present testimony that would require an owner to go outside the premises to effect the cure. See Florida Eminent Domain Practice and Procedure, § 9.42 (7th Ed.2000).
The Fourth District in the Tire Centers decision, applied the severance damages notion of "off-site cure" to conclude that evidence of any damage mitigation occurring outside the remainder parcel is irrelevant to the calculation of business damages. The DOT does not dispute that the operative facts of the Tire Centers decision appear indistinguishable from the present case. Rather, DOT argues that Tire Centers was wrongly decided, and we should not follow it.
In Tire Centers, the DOT executed a partial taking of property owned by Tire Centers, LLC, in Palm Beach County. The Tire Centers building was demolished as a result of the taking, and Tire Centers relocated to a nearby tract. DOT and Tire Centers disagreed as to the amount of business damages. DOT's position was that because Tire Centers had relocated so closely to its original business, part of Tire Center's business damages had been mitigated. DOT urged that calculation of business damages as though the business had been destroyed when, in fact, it had merely moved and had retained much of its value was inconsistent with the law of damages. Tire Centers, on the other hand, contended that any off-site mitigation was irrelevant and moved to exclude evidence of mitigation of its business damages. The trial court ruled in favor of Tire Centers and DOT appealed.
The Fourth District Court relied on Mulkey, a Second District Court of Appeal decision. In reaching its decision, the court said:

Mulkey clearly acknowledges a duty to mitigate. On the other hand, that duty only extends to mitigation of the remaining property. Eminent domain law focuses only on the land taken, notwithstanding that in a case such as this a substantial portion of lost goodwill may possibly be recaptured by way of a nearby relocation. As such, the taking of the specific property at issue is the sole focus of business damages under section 73.071(3)(b). If the legislature had intended business damages to be subject to mitigation by an off-site cure, it could have easily done so.
895 So.2d at 1113.
DOT counters Tire Centers by relying on two other decisions. Matthews v. Department of Transportation, 324 So.2d 664 (Fla. 4th DCA 1975), was a 1975 Fourth District Court of Appeal opinion where the principal issue decided was whether the measure of damages recoverable when an established business is totally destroyed by the taking is limited to the owner's loss of profits from the business. In Matthews, *692 the appellant owned a laundromat business, which was alleged to have been totally destroyed as a result of the taking of her adjacent property for right of way purposes. At trial, an expert testified to the value of the business, including a value for good will. The state moved to strike the testimony of the expert witness on the ground that there was no evidence of a loss of profits to the business, and thus the testimony was speculative.
The Matthews court held that business damages include lost profits attributable to the reduced profit-making capacity of the business caused by a taking of a portion of the reality or improvements thereon. The court also noted that there was an important distinction between merely reducing the profit-making capacity of a business and totally destroying it. In reversing and remanding to the lower court, the Matthews court said:
Where an established business is able to continue in operation at the identical location, albeit with diminished volume, it can be fairly argued that the effect of the taking does not seriously diminish customer goodwill or the value of the business equipment. On the other hand, common experience teaches us that where the effect of the taking is to totally destroy an established neighborhood-retail business, there is, at least well may be, a substantial loss on the value of customer goodwill.... [T]he condemnee loses good will ... to the extent that his patronage cannot be transferred to a new location. In the case of retail stores and other businesses, where customers are dealt with directly, good will is to a substantial degree attached to the old place.

324 So.2d at 667 (emphasis added). It is worth noting that although a change of location can be harmful, even devastating to some businesses, for others, its location makes no difference at all.
DOT also contends that Tire Centers conflicts with the rule of law articulated by the Florida Supreme Court in K.E. Morris. In K.E. Morris, the court said that section 73.071(3)(b) should be strictly construed, with any ambiguity construed against a claim for business damages. Legislative grants of property or franchise rights must, when construction is necessary, be strictly construed in favor of the state and against the grantee. See K.E. Morris, 444 So.2d at 928. Thus, any ambiguity in section 73.071(3)(b) should be construed against the claim of business damages, and such damages should be awarded only when such an award appears clearly consistent with legislative intent. Id. at 929.
Tire Centers may be correct that there is no "duty to mitigate" business damages by reestablishing the business off-site when a partial taking destroys a business's location. But that is not the issue. The question presented here is what the statute intends to allow in terms of probable damages to the business that loss of use of the condemned property may reasonably cause. We are unable to find in section 73.071(3)(b), the "on-site" limitation identified by the Tire Centers court. In calculating severance damages for the remainder of the partially taken property, it makes sense that any cure be limited to the parcel itself. But business damages are different. The statute speaks of "damage or destruction" to an established business attributable to the loss of use of the portion of the property taken. Although the statute does not require relocation or a damage calculation based on what damages would be if the business were to hypothetically relocate, if a business does elect to relocate and to continue in existence, the business can only recover its damages  i.e. the amount of harm to its business resulting from the taking of its location. Where, as here, the business has elected to continue in business in a different *693 location, the business should be fully compensated for all damages done to the business caused by the taking, but it should not be compensated based on the fiction that it has been entirely lost.[4]
Contrary to Tire Centers, we see this conclusion in the statute itself. If the Legislature had intended that business owners be paid for the entire business, notwithstanding the facts, the Legislature logically would not have used the term "damages." The law of damages concerns itself with the measurement of compensation for loss or injury. Charles T. McCormick, Handbook on the Law of Damages 1 (1935). An award of the full value of the business, notwithstanding its actual incurred losses, would be more consistent with some other measure of recovery, such as a "taking" of the business along with the property. The statute is manifestly intended to compensate for damages caused where a business is damaged or destroyed by the underlying taking. The extent of the harm to the business is the sine qua non of the legislation. Accordingly, we affirm the judgment below and certify conflict with Tire Centers.
AFFIRMED.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] System Components is a wholesale distributor of fluid purification control and instrumentation. It has exclusive Florida distributor arrangements with a number of manufacturers and service customers in food processing, drug manufacturing, municipal water and other related areas.
[2] Section 73.071(3)(b), Florida Statutes provides:

3) The jury shall determine solely the amount of compensation to be paid, which compensation shall include:
....
(b) Where less than the entire property is sought to be appropriated, any damages to the remainder caused by the taking, including, when the action is by the Department of Transportation, county, municipality, board, district or other public body for the condemnation of a right-of-way, and the effect of the taking of the property involved may damage or destroy an established business of more than 4 years' standing before January 1, 2005, or the effect of the taking of the property involved may damage or destroy an established business of more than 5 years' standing on or after January 1, 2005, owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party, the probable damages to such business which the denial of the use of the property so taken may reasonably cause; any person claiming the right to recover such special damages shall set forth in his or her written defenses the nature and extent of such damages.
(Emphasis added).
[3] We remind the trial court that it is bound to follow the decisional law of other district courts of appeal where there is no contrary precedent in this court. See Pardo v. State, 596 So.2d 665 (Fla. 1992).
[4] It has not been helpful to look at the law of other states. In Idaho, the legislature expressly requires business damages to be mitigated when there is a partial taking. See Idaho Code Ann. § 7-711(2)(b) (2006) (stating that business damages "shall not be awarded if the loss can reasonably be prevented by a relocation of the business"). Other states have rejected the notion that off-site cures should be admissible when determining consequential damages from a taking of property. See Lucas County Commissioners v. Mockensturm, 119 Ohio App.3d 223, 695 N.E.2d 15, 17 (1997) (holding that it was inappropriate for the trial court to permit evidence of an off-site cure when determining landowner's damages); B & B Food Corp. v. New York, 96 A.D.2d 893, 466 N.Y.S.2d 60 (N.Y.2d App. 1983) (holding that the "cost to cure" theory of damages may not be used to mitigate consequential damages "when the cure must be accomplished by going outside the tract in controversy"); Utah Dep't of Transp. v. Rayco, 599 P.2d 481 (Utah 1979) (forbidding the use of off-site cure evidence for determining damages).